UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN BLYDENBURGH,

     Plaintiff,

v.                                          Case No.:  2:21-cv-493-SPC-NPM

WALMART STORES EAST, LP,

     Defendant.
_____/

## **ORDER**[1]

Before the Court is Plaintiff's Notice of Voluntary Dismissal with Prejudice (Doc. 40).  The Court granted summary judgment for Defendant (Doc. 36) and entered judgment (Doc. 37).  After, the parties jointly informed the Court that Plaintiff accepted an offer of judgment before the ruling.  (Doc. 38).  When they failed to file promised dismissal papers, the Court ordered the parties to show cause.  (Doc. 39).  In response, Plaintiff filed the Notice.

The parties made quite a mess of this case at the end.  So before closing it for good, the Court needs to tidy the docket a bit.  Here goes.

First, the judgment must be vacated or amended.  But the parties never moved to do so, and it is unclear whether they even ask for that relief.  The

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them.  The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

Court reminds the parties what they should already know: "A request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1); *Hardin v. Jones*, No. 3:18-cv-3-J-34JBT, 2020 WL 8834903, at *1 (M.D. Fla. Dec. 9, 2020) ("All requests for relief must be in the form of a pleading or a motion and must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court."). The Court apparently entered judgment *after* Plaintiff accepted a binding offer of judgment. So—despite the failure to file a proper motion—the Court must amend the judgment. *See Collar v. Abalux, Inc.*, 895 F.3d 1278, 1283-84 (11th Cir. 2018) (Rule 68 entry of judgment is "a ministerial act" and "leaves no discretion in the district court to do anything other than enter judgment once an offer of judgment has been accepted.").

Second, since an offer of judgment is involved, Rule 68 controls. Parties should file an accepted offer so the Clerk can enter judgment on those terms. Fed. R. Civ. P. 68(a) (After acceptance, "either party may then file the offer and notice of acceptance, plus proof of service."). Neither party filed the offer. The Court, therefore, is not sure about the "specified terms" of judgment Plaintiff accepted. *Id.* Still, it will adjust accordingly.

Third, Plaintiff filed a Rule 41 dismissal. But both parties didn't sign the Notice even though Defendant answered and moved for summary judgment. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). Normally, that prompts the Court to make the parties refile. But given Defendant's signed consent to dismissal

on the record—and in the interest of conserving resources—the Court

construes as a Rule 41(a)(1)(A)(ii) dismissal. *See* (Doc. 38 at 1). The dismissal

is effective upon filing and requires no further act by the Court. *See Anago*

*Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012). The

parties stipulate to dismissal with prejudice and with each side to bear its own

attorney's fees and costs. Again, given the offer, judgment is on any other

terms specified in the accepted offer.

And fourth, going forward, the parties would do well to inform the Court

of pending offers of judgment in similar circumstances. True, Rule 68 (for some

unknown reason) does not require parties to notify courts when they serve

offers. But likewise, it doesn't prohibit notification. While unnecessary notices

are to be avoided, it would have been nice to know settlement was possible

here. Defendant moved for summary judgment, and the parties impassed at

mediation after. When that happens, the Court assumes it will need to rule on

the dispositive motion—which it did. In the end, that squandered scarce

judicial resources. To be fair, the parties cannot know the order in which the

Court will address pending matters. Yet they should know ripe dispositive

motions are always fair game for rulings, unless the Court has some inkling it

should hold off.

Accordingly, it is now

**ORDERED:**

1. The Clerk is **DIRECTED** to enter the following Amended Judgment:

   This action is **DISMISSED with prejudice** and on those terms specified by the accepted Offer of Judgment. Each side bears its own attorney's fees and costs.

2. The Clerk is **DIRECTED** to terminate any deadlines and close the

   case.

**DONE** and **ORDERED** in Fort Myers, Florida on August 12, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE


Copies: All Parties of Record

4